**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| JUSTIN WALL, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 23-cv-2009-JBM |
| ) | |
| MICHELLE SANDERS, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Vandalia Correctional Center, files a Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights arising from his arrest and subsequent prosecution in Macon County, Illinois. (Doc. 1).

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff names as Defendants Decatur police officers Oberheim and Hagemeyer, Kevin West, and Macon County Public Defender Michelle Sanders. Plaintiff's allegations pertaining to each Defendant are discussed in detail below.

*Defendants Oberheim and Hagemeyer*

Plaintiff alleges that Defendant Oberheim, a police officer, did not read him a *Miranda* warning when he was arrested and taken to the Decatur Police Department. Plaintiff also claims that Defendant Hagemeyer, a supervising officer, was present and witnessed Defendant Oberheim not following procedures. Plaintiff does not indicate when he was arrested.

"[V]iolation of the *Miranda* safeguards cannot provide the basis for § 1983 liability without use of a suspect's statement against him in a 'criminal case.'" *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1025 (7th Cir. 2006); *Aleman v. Vill. of Hanover Park*, 662 F.3d 897, 905-06 (7th Cir. 2011). Plaintiff does not allege how his statements were used against him in his criminal case, nor does he provide any information about the status or disposition of the case. Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must abstain from interfering in ongoing state proceedings. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) (district court must abstain from deciding claims until state court has had an opportunity to review the circumstances surrounding conviction).

Defendant Hagemeyer is not liable based solely on his or her supervisory role. *See Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."). If officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff also alleges that "the police officers falsified the report that was filed on me on said day." (Doc. 1 at 7). Plaintiff does not provide any additional information about the report or identify the police officers who drafted it.

Defendants Oberheim and Hagemeyer are DISMISSED without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given leave to amend.

***Defendant Kevin West***

Plaintiff alleges that Defendant West, who is his grandfather's neighbor, lied in a statement to police and threatened Plaintiff by telling him never to come to his home again.

"While a private citation cannot ordinarily be held liable under Section 1983 because that statute requires action under color of state law, if a private citizen conspires with a state actor, then the private citizen is subject to Section 1983 lability." *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1015 (7 Cir. 2000) (citing *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992)). "To establish Section 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participants in joint activity with the State or its agents." *Brokaw*, 235 F.3d at 1015 (quoting *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (internal quotation and citations omitted)). Plaintiff's allegations regarding Defendant West are insufficient establish a constitutional violation under § 1983. Defendant West is DISMISSED with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

*Defendant Michelle Sanders*

Plaintiff alleges that Defendant Sanders, a Macon County Public Defender, lied to him about the facts in this case prior to his plea agreement with the judge. Plaintiff cannot file suit against Defendant Sanders under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981) ("a public defender does not act 'under color of state law' in performing a lawyer's traditional functions as counsel to an indigent defendant in a state criminal proceeding"); *see also Srivastava v. Newman*, 12 F. App'x 369, 373 (7th Cir. 2001). Defendant Sanders is DISMISSED with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have a final opportunity to file an amended complaint within 30 days from the entry of this Order. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2) Defendants Michelle Sanders and Kevin West are DISMISSED WITH PREJUDICE. Any amendment would be futile as Plaintiff cannot allege a cognizable federal claim based on these facts. The Clerk is DIRECTED to terminate Sanders and West.

3) Plaintiff's Motion to Request Counsel [4] is rendered MOOT, with leave to reassert if he files an amended complaint.

ENTERED:    4/26/2023

s/ Joe Billy McDade
Joe Billy McDade
U.S. District Court Judge
